FILED - GR
December 4, 2012 12:41 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ns /_____ Scanned: MS /12/4

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY KEITH SLEIGHTER,

        Plaintiff,                                 Case No. 1:12-cv-0910

                                                Honorable Janet T. Neff

v.

KENT COUNTY CORRECTIONAL FACILITY ADMINISTRATION,
UNDERSHERIFF JON HESS and CAPTAIN RANDY DEMORY,

        Defendants.

## AMENDED COMPLAINT

I, the plaintiff, come before the Court this first day of December, 2012 to file an amended complaint prior to the defendants being served and prior to the Courts conducting an initial review of the complaint pursuant to 28 U.S.C. ~ 1915(e), ~1915A.

## INFORMATION

1. The Kent County Correctional Facility ("KCCF") contracted its food services for inmates with Aramark Correctional Food Services. Aramark has a detailed plan for providing its inmates with nutritionally sound medical diets and religious diets. Aramark's "Medical Nutrition Therapy and Religious Meals Manual" details a vast array of medical diets and the introductory page of the manual is signed by both Captain Randy Demory and the jails doctor, Dr. Yacob. This was dated December 2009. Aramark is still the food service provider for KCCF.

2. I had sought a religious diet through administrative channels and it was denied. I filed a complaint with this Court for violating my civil rights, case number 1:12-cv-0763. The KCCF undersheriff was aware of this complaint because he had been interviewed by the Grand Rapids Press and subsequently an article was printed on July 27th, 2012 in the press. I was called to the office and informed that I would not receive a diet tray as long as I was at KCCF, per a telephone call from Undersheriff Jon Hess.

3. The KCCF had been providing medical diets and religious diets consistent with the provisions outlined in Aramark's dietary manual up until late August, 2012. I was informed by medical staff that the KCCF Administration had discontinued all medical diets except diabetic diet trays for those receiving insulin.

4. Due to weight loss I sought medical attention and saw Dr. David Sova on the afternoon of August 27th, 2012 and was ordered a medical lacto-ovo vegetarian diet. I received the diet tray that evening and was given rice, vegetables, 2 milks and a cheese sandwich. The next day I did not receive a diet tray and I spoke with Dr. Sova on August 29th, 2012, in an unofficial capacity. I asked him what had happened to my diet tray. He informed me he had been told he was not allowed to give me the diet tray. I asked him if this directive was from the medical department or from the administration and he indicated to me with a non-verbal gesture it was the administration who disallowed my diet he had ordered.

5. I made inquiries with medical staff and guards throughout the jail to find out if other inmates were receiving medical diet trays and I was informed the administration had put limitations on the medical department restricting their use of medical diets to only diabetic patients. One medical provider told me she was not even able to order a diet for her pregnant patients due to the new policy. I was told the reason for discontinuing medical diets was that it was costing too much.

6. Whether I was denied a medical diet as a result of the administration interfering directly in my case or whether I did not receive a medical diet due to a new jail policy the result is the same: the KCCF has implemented a policy upon its medical provider which limits its ability to provide medical care consistent with what is protected under law.

7. The KCCF Administration does not have legal authority to implement restrictions on its medical provider as to the manner in which it provides medical treatment to its inmate population. Medical diets are not a "threat to the security and/ or the well order of the institution". Denying medical diets is not a means to insure or further any compelling state interests, as the cost of these trays is negligible at a cost of possibly a few pennies more per tray.

8. KCCF's dietary policy, of not providing medical diets, and restricting its medical provider in doing so, is an outlier among American correctional facilities. The Federal Bureau of Prisons and state department of corrections, including Michigan Department of Corrections, as well as most county jail facilities throughout the country provide medical diets to its inmates to insure their health and meet their nutritional requirements, which can often be substantially different than the general population.

9. By denying its medical provider the ability to prescribe medical diets, for whatever medical condition they deem necessary, the KCCF administration is guilty of violating my rights, as well as those of the other KCCF inmates, to receive medical treatment without governmental intervention and /or interference. This act constitutes a violation of a federal constitutional right(s) and /or right(s) under federal law.

10. KCCF inmate grievance policy does not allow inmates to grieve jail policy, medical issues or violations of civil rights.

11. Michigan Department of Corrections ("MDOC") states that their County Jail Policy does not address this issue. Letter received and dated August 22nd, 2012. MDOC oversees KCCF operations.

12. KCCF receives funding from the State of Michigan and the U.S. Federal Government.

13. After being denied a medical diet I continued to experience weight loss and generalized weakness and feeling of malice due to nutritional depravation or insufficiencies.

15. I seek declaratory and injunctive relief to remedy the Defendant's violations of the law, and to ensure that KCCF places no further restrictions, policies, conditions, or any other means of limiting or affecting the treatment that inmates receive in their facility.

16. I seek punitive damages against KCCF for having, a reasonable belief, that interfering in its medical providers ability to treat inmates, within the scope of medical expertise, is illegal.

17. I seek compensatory relief for my continued weigh loss after seeking a medical diet, to alleviate hunger and weight loss, which the administration prevented me from receiving after the doctor had ordered it. Future attempts at receiving a medical diet were meet with the standard "we no longer provide medical diets per policy".

18. KCCF had demonstrated that it could provide medical diets in accordance with Aramark's "Medical Nutrition Therapy…Meals Manual", and chose to eliminate or severely restrict these medical diets.

## DEFENDANTS

19. Defendant undersheriff of KCCF is the ultimate decision maker with authority to approve all KCCF policies, including its dietary policies. The current undersheriff is Jon Hess, who is being sued in his official capacity and personal capacity. The captain of KCCF operations is Captain Randy Demory, who signed Aramark's medical dietary policy in December, 2009, is being sued in his official capacity and personal capacity. Defendants played a major role in prohibiting medical diets in the jail.

20. KCCF receives federal funding as well as funding from the State of Michigan and is an "institution" within the meaning of 42 U.S.C. ~ 1983.

## JURISDICTION AND VENUE

21. This court has jurisdiction over this action pursuant to 28 U.S.C. ~1331 and ~ 1345.

22. I am authorized to initiate this action against Defendants under the provisions of 42 U.S.C ~ 1983.

23. The declaratory and injunctive relief sought by plaintiff is authorized by 42 U.S.C. ~1983, as well as punitive and compensatory relief and is also addressed under the 42 U.S.C. ~ 1983.

24. Venue is proper in U.S. District Court for the Western District of Michigan Southern Michigan pursuant to 28 U.S.C. ~1391(b). Defendants operate KCCF, located in the State of Michigan, County of Kent and the City of Grand Rapids. Defendants incarcerate in the KCCF inmates who have medical needs which may require a medical diet are being denied such treatments as deemed necessary by the medical staff. These denials are a result of the Defendants and occur in KCCF. I was denied a medical diet as a result of the Defendants actions.

## FACTUAL ALLEGATIONS

25. KCCF's refusal to allow medical diets through its medical provider violates and has violated the constitutional and federal right(s) of its inmates, including the plaintiff. KCCF's medical dietary policy forces its inmate population to go without medical dietary treatment in the interest of saving a few pennies per tray.

26. The substantial burden that the KCCF dietary policy imposes on its inmate population is not necessary to achieve any compelling state interest. Medical diets have not constituted a "threat to the security and/or the well order of the institution" as evidenced by the Federal Bureau of Prisons, the Michigan Department of Corrections and most other correctional facilities throughout the country which, in fact, offer medical and religious diets while still achieving governmental interests indistinguishable from those of KCCF's.

27. KCCF further demonstrated that it can comply with the medical diets outlined in Aramark's Medical Meals Manual as it had been doing so up until the Defendants decided to discontinue religious diets and later discontinue all medical diets or severely limit their use.

28. KCCF does not provide appropriate medical diets and its medical department implement the use of liquid supplements to replace the meals. This does not replace the "meal clause" for prisoners detailed under federal law and meet that requirement.

29. KCCF offers no acceptable alternatives for inmates needing medical diets to sustain their dietary integrity during their medical needs while incarcerated. This does not fulfill the legal obligation of KCCF to provide meals.

## CLAIM FOR RELIEF: DEFENDANT'S IMPLEMENTATION OF RESTRICTIONS ON ITS MEDICAL SERVICES TO PROVIDE MEDICALLY APPROPRIATE DIETS VIOLATES THE LAW

The plaintiff incorporates by reference the allegations set forth in paragraphs 1-29 and is fully set forth herein.

30. Defendants have implemented a policy or otherwise hindered its medical department from providing medical diets to inmates in their custody who require the meals in accordance with their medical needs.

31. Defendants denial of medical or other appropriate meals constitutes a substantial burden on the medical treatment of prisoners in their custody, and that the denial of these meals is not the least restrictive means to further, secure or insure any compelling governmental interests.

32. Therefore, KCCF's refusal to provide medically appropriate meals violates the constitutional right(s) and/or federal right(s) of prisoners and violated the rights of the plaintiff during his incarceration.

33. This complaint meets the burden of proof and fulfills the requirements outlined in 42 U.S.C. ~ 1983:
    a. This action fulfills the requirement of being against a "person" in that the Defendants acted in an "individual capacity" by implementing restrictions on its medical provider, which is something they are not entitled to in their "official capacity" which is judicial and custodial, not medical.
    b. The Defendants acted "under the color of law".
    c. The Defendants violated a federal constitutional right(s) and/or a right(s) under federal law.
    d. I, the plaintiff, was the recipient of the Defendant's actions and suffered because of it in both a physical and psychological manner.

## PRAYER FOR RELIEF

42 U.S.C. ~1983 authorizes the plaintiff to seek injunctive and declaratory relief for Defendants interference in plaintiff's dietary needs, as well as not providing medical diets to inmates requiring such, as determined by the medical staff.
I also seek compensatory relief from the Defendants. By denying me a medical diet and allowing other inmates to continue to receive a diet, appropriate to their medical needs they acted in an "individual capacity" and can be sued as a "person". Therefore, I hold the Defendants liable for depriving me of medical needs which resulted in, but not limited to, further weight loss and nutritional insufficiency, general malice and psychological stress.

Therefore, the plaintiff prays that the Court:

   a. Declare that the Defendants have violated the law by implementing medical restrictions on its medical department and thus deprived its inmate population of receiving the advantage of the full scope of medical treatment which is available in most penal institutions.

   b. Order the Defendants, their officers, agents, employees, subordinates, contractors, successors in office, and all those acting in concert or participation with KCCF to provide nutritionally sound medical diets upon the approval of the medical department and not to place any restrictions verbal, written, implied or otherwise on their doing so.

   c. Order such other relief as the interest of justice may allow and require.

Respectfully submitted by the plaintiff,

DATED: December 3, 2012

*/s/ Bradley K. Sleighter*
**BRADLEY KEITH SLEIGHTER**