UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRADLEY KEITH SLEIGHTER

        Plaintiff,     Case No. 1:12-cv-0910

v               Hon. Gordon J. Quist
               U.S. District Judge
KENT COUNTY JAIL
ADMINISTRATOR, (KENT COUNTY
CORRECTIONAL FACILITY),   Hon. Ellen S. Carmody
         Defendant.  U.S. Magistrate Judge
_____

Bradley Keith Sleighter  (**In Pro Per**)   Kimberly A. Koester (P48967)
Kent County Correctional Facility    Ronald W. Chapman (P37603)
703 Ball Avenue NE       CHAPMAN AND ASSOCIATES, P.C.
Grand Rapids, MI 49503      Attorneys for Corizon Medical Services
             40950 N. Woodward Avenue, Suite 120
             Bloomfield Hills, MI 49304
             (248) 644-6326

Paul J. Greenwald (P25368)
Peter A. Smit (P27886)
VARNUM LLP
Attorneys for Defendant Kent County Jail
Administrator (Kent County Correctional Facility)
Bridgewater Place
333 Bridge Street NW
P.O. Box 352
Grand Rapids, MI 49401-0352
(616) 336-6000
_____

## **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

  NOW COMES the Defendants, Kent County Correctional Facility Administration, Undersheriff Jon Hess and Captain Randy Demory, by and through their attorneys, VARNUM LLP, and in answer to Plaintiff's Amended Complaint states as follows:

## INFORMATION

1.     The Kent County Correctional Facility ("KCCF") contracted its food services for inmates with Aramark Correctional Food Services. Aramark has a detailed plan for providing its inmates with nutritionally sound medical diets and religious diets. Aramark's "Medical Nutrition Therapy and Religious Meals Manual" details a vast array of medical diets and the introductory page of the manual is signed by both Captain Randy Demory and the jails doctor. Dr. Yacob. This was dated December 2009. Aramark is still the food service provider for KCCF.

**ANSWER**:    It is admitted that Aramark Correctional Services is and was the food service

contractor at the Kent County Correctional Facility at times relevant to this lawsuit.  It is further

admitted that the "Aramark Correctional Services Diet Handbook" exists in a version dated

December, 2009, and was signed by Captain Randy Demory and Dr. Yacob, among others.  That

handbook is and was subject to changes and amendments from time to time.  This paragraph is

unclear as to relevant dates and provisions of that handbook.  The Defendants lack knowledge or

information sufficient to form a belief as to the truth of the balance of the averments of

Paragraph 1 of Plaintiff's Amended Complaint.  The Plaintiff is left to his strictest proofs.


2.     I had sought a religious diet through administrative channels and it was denied. I filed a complaint with this Court for violating my civil rights, case number l:12-cv-0763. The KCCF undersheriff was aware of this complaint because he had been interviewed by the Grand Rapids Press and subsequently an article was printed on July 27th, 2012 in the press. I was called to the office and informed that I would not receive a diet tray as long as I was at KCCF, per a telephone call from Undersheriff Jon Hess.

**ANSWER**:    It is admitted that Plaintiff sought one or more special or religious dietary food

programs at various times.  It is admitted that Plaintiff filed an action, Case No. 1:12-cv-0763, in

this Court and that it is still pending in this Court.  It is admitted that Undersheriff Hess and/or

others were aware of the existence of that lawsuit on or about July 27, 2012, although that

lawsuit was not served upon the Defendants in that matter until a later date.  It is admitted that

Plaintiff was not found eligible for a special diet and was so advised by officials of the Kent

County Correctional Facility. The details of the allegations of Paragraph 2 of Plaintiff's

Amended Complaint are not fully clear. The Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining averments of Paragraph 2 of Plaintiff's

Amended Complaint. The Plaintiff is left to his strictest proofs.


       3.     The KCCF had been providing medical diets and religious diets consistent with
the provisions outlined in Aramark's dietary manual up until late August, 2012. I was informed
by medical staff that the KCCF Administration had discontinued all medical diets except diabetic
diet trays for those receiving insulin.

**ANSWER**:     The Plaintiff was provided with different diets at various times while an inmate at

the Kent County Correctional Facility. The averments of Paragraph 3 of Plaintiff's Amended

Complaint deal with statements allegedly made by others. The Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining averments of Paragraph 3

of Plaintiff's Amended Complaint. The Plaintiff is left to his strictest proofs.


       4.     Due to weight loss I sought medical attention and saw Dr. David Sova on the
afternoon of August 27th, 2012 and was ordered a medical lacto-ovo vegetarian diet, I received
the diet tray that evening and was given rice, vegetables, 2 milks and a cheese sandwich. The
next day I did not receive a diet tray and I spoke with Dr. Sova on August 29th, 2012, in an
unofficial capacity. I asked him what had happened to my diet tray. He informed me he had been
told he was not allowed to give me the diet tray. I asked him if this directive was from the
medical department or from the administration and he indicated to me with a non-verbal gesture
it was the administration who disallowed my diet he had ordered.

**ANSWER**:     The averments of Paragraph 4 of Plaintiff's Amended Complaint deal with

statements allegedly made by others. The Defendants lack knowledge or information sufficient

to form a belief as to the truth of the averments of Paragraph 4 of Plaintiff's Amended

Complaint. The Plaintiff is left to his strictest proofs.


       5.     I made inquiries with medical staff and guards throughout the jail to find out if
other inmates were receiving medical diet trays and I was informed the administration had put
limitations on the medical department restricting their use of medical diets to only diabetic

patients. One medical provider told me she was not even able to order a diet for her pregnant patients due to the new policy. I was told the reason for discontinuing medical diets was that it was costing too much.

**ANSWER**: The averments of Paragraph 5 of Plaintiff's Amended Complaint deal with statements allegedly made by others. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 of Plaintiff's Amended Complaint. The Plaintiff is left to his strictest proofs.

6. Whether I was denied a medical diet as a result of the administration interfering directly in my case or whether I did not receive a medical diet due to a new jail policy the result is the same: The KCCF has implemented a policy upon its medical provider which limits its ability to provide medical care consistent with what is protected under law.

**ANSWER**: The averments of Paragraph 6 of Plaintiff's Amended Complaint are denied as being untrue.

7. The KCCF Administration does not have legal authority to implement restrictions on its medical provider as to the manner in which it provides medical treatment to its inmate population. Medical diets are not a "threat to the security and/ or the well order of the institution". Denying medical diets is not a means to insure or further any compelling state interests, as the cost of these trays is negligible at a cost of possibly a few pennies more per tray.

**ANSWER**: The averments of Paragraph 7 of Plaintiff's Amended Complaint constitutes a conclusion of law for which no answer is necessary and none is given. To the extent an answer is deemed required, the averments of Paragraph 7 of Plaintiff's Amended Complaint are denied as being untrue.

8. KCCF's dietary policy, of not providing medical diets, and restricting its medical provider in doing so, is an outlier among American correctional facilities. The Federal Bureau of Prisons and state department of corrections, including Michigan Department of Corrections, as well as most county jail facilities throughout the country provide medical diets to its inmates to insure their health and meet their nutritional requirements, which can often be substantially different than the general population.

4

**ANSWER**:    The averments of Paragraph 8 of Plaintiff's Amended Complaint are statements alleging facts from numerous outside sources that are not clearly identified.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 of Plaintiff's Amended Complaint.  The Plaintiff is left to his strictest proofs.

9.    By denying its medical provider the ability to prescribe medical diets, for whatever medical condition they deem necessary, the KCCF administration is guilty of violating my rights, as well as those of the other KCCF inmates, to receive medical treatment without governmental intervention and /or interference. This act constitutes a violation of a federal constitutional right(s) and /or right(s) under federal law.

**ANSWER**:    The averments of Paragraph 9 of Plaintiff's Amended Complaint constitutes a conclusion of law for which no answer is necessary and none is given.  To the extent that an answer is deemed required, the averments of Paragraph 9 of Plaintiff's Amended Complaint are denied as being untrue.

10.    KCCF inmate grievance policy does not allow inmates to grieve jail policy, medical issues or violations of civil rights.

**ANSWER**:    The averments of Paragraph 10 of Plaintiff's Amended Complaint are admitted.

11.    Michigan Department of Corrections ("MDOC") states that their County Jail Policy does not address this issue. Letter received and dated August 22nd, 2012. MDOC oversees KCCF operations.

**ANSWER**:    The averments of Paragraph 11 of Plaintiff's Amended Complaint related to policies or statement of other parties or entities.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11 of Plaintiff's Amended Complaint.  The Plaintiff is left to his strictest proofs.

12.    KCCF receives funding from the State of Michigan and the U.S. Federal Government.

**ANSWER**:    While it is admitted that some funds are received from state or federal sources, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of Plaintiff's Amended Complaint as they are vague and nonspecific as to which funding and which funding source is alleged.  The Plaintiff is left to his strictest proofs.

13.    After being denied a medical diet I continued to experience weight loss and generalized weakness and feeling of malice due to nutritional depravation or insufficiencies.

**ANSWER**:    The averments of Paragraph 13 of Plaintiff's Amended Complaint are denied as being untrue.

14.    . *NOTE:  There is no Paragraph 14 in Plaintiff's Amended Complaint*

15.    I seek declaratory and injunctive relief to remedy the Defendant's violations of the law, and to ensure that KCCF places no further restrictions, policies, conditions, or any other means of limiting or affecting the treatment that inmates receive in their facility.

**ANSWER**:    The Defendants deny that Plaintiff is entitled to declaratory or injunctive relief as sought under the averments of Paragraph 15 of Plaintiff's Amended Complaint.  The Plaintiff is left to his strictest proofs.

16.    I seek punitive damages against KCCF for having, a reasonable belief, that interfering in its medical providers ability to treat inmates, within the scope of medical expertise, is illegal.

**ANSWER**:    The Defendants deny that Plaintiff is entitled to the relief sought by the averments of Paragraph 16 of Plaintiff's Amended Complaint.  The Plaintiff is left to his strictest proofs.

17.    I seek compensatory relief for my continued weigh loss after seeking a medical diet, to alleviate hunger and weight loss, which the administration prevented me from receiving after the doctor had ordered it.  Future attempts at receiving a medical diet were met with the standard "we no longer provide medical diets per policy".

**ANSWER**:     The Defendants deny that Plaintiff is entitled to the relief sought by the averments

of Paragraph 17 of Plaintiff's Amended Complaint.  The Plaintiff is left to his strictest proofs.


18.     KCCF had demonstrated that it could provide medical diets in accordance with
Aramark's "Medical Nutrition Therapy...Meals Manual", and chose to eliminate or severely
restrict these medical diets.

**ANSWER**:     The averments of Paragraph 18 of Plaintiff's Amended Complaint are denied as

being untrue.

### DEFENDANTS

19.     Defendant undersheriff of KCCF is the ultimate decision maker with authority to
approve all KCCF policies, including its dietary policies. The current undersheriff is Jon Hess,
who is being sued in his official capacity and personal capacity. The captain of KCCF operations
is Captain Randy Demory, who signed Aramark's medical dietary policy in December, 2009, is
being sued in his official capacity and personal capacity. Defendants played a major role in
prohibiting medical diets in the jail.

**ANSWER**:     It is admitted that Jon Hess is and was the Undersheriff of Kent County at times

relevant to this lawsuit.  It is admitted that Captain Randy Demory is and was the Jail

Administrator at the Kent County Correctional Facility at times relevant to this lawsuit.  It is

admitted that Captain Randy Demory did sign the cover page of a document captioned "Aramark

Correctional Services Diet Handbook" with a date of December, 2009.  It is admitted that

Plaintiff states he is suing Jon Hess and Randy Demory in both their official and personal

capacities.  It is denied that either Jon Hess or Randy Demory is the ultimate decision-maker as

alleged in the averments of Paragraph 19 of Plaintiff's Amended Complaint.  The Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining

averments of Paragraph 19 of Plaintiff's Amended Complaint.  The Plaintiff is left to his strictest

proofs.

20.     KCCF receives federal funding as well as funding from the State of Michigan and is an "institution" within the meaning of 42 U.S.C. ~ 1983.

**ANSWER**:     While funding is received from various sources, these allegations are non-specific.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20 of Plaintiff's Amended Complaint.  The Plaintiff is left to his strictest proofs.

## JURISDICTION AND VENUE

21.     This court has jurisdiction over this action pursuant to 28 U.S.C. ~1331 and ~ 1345.

**ANSWER**:     The averments of Paragraph 21 of Plaintiff's Amended Complaint constitute legal conclusions to which no answer is necessary and none is given.  To the extent that an answer is deemed required, it is admitted only that this Court has subject matter jurisdiction with respect to the purported federal claims herein.  The averments of Paragraph 21 of Plaintiff's Amended Complaint are denied to the extent that they may be deemed to state or imply anything further.

22.     I am authorized to initiate this action against Defendants under the provisions of 42 U.S.C ~ 1983.

**ANSWER**:     The averments of Paragraph 22 of Plaintiff's Amended Complaint constitute legal conclusions to which no answer is necessary and none is given.  To the extent that an answer is deemed required, it is admitted only that this Court has subject matter jurisdiction with respect to the purported federal claims herein.  The averments of Paragraph 22 of Plaintiff's Amended Complaint are denied to the extent that they may be deemed to state or imply anything further.

23.     The declaratory and injunctive relief sought by plaintiff is authorized by 42 U.S.C. ~1983 as well as punitive and compensatory relief and is also addressed under the 42 U.S.C. ~ 1983.

**ANSWER**: The averments of Paragraph 23 of Plaintiff's Amended Complaint constitute legal conclusions to which no answer is necessary and none is given. To the extent that an answer is deemed required, it is admitted only that this Court has subject matter jurisdiction with respect to the purported federal claims herein. The averments of Paragraph 23 of Plaintiff's Amended Complaint are denied to the extent that they may be deemed to state or imply anything further.

24. Venue is proper in U.S. District Court for the Western District of Michigan Southern Michigan pursuant to 2S U.S.C. ~1391(b). Defendants operate KCCF, located in the State of Michigan, County of Kent and the City of Grand Rapids. Defendants incarcerate in the KCCF inmates who have medical needs which may require a medical diet are being denied such treatments as deemed necessary by the medical staff. These denials are a result of the Defendants and occur in KCCF. I was denied a medical diet as a result of the Defendants actions.

**ANSWER**: The averments of Paragraph 24 of Plaintiff's Amended Complaint constitute legal conclusions to which no answer is necessary and none is given. To the extent that an answer is deemed required, it is admitted that this Court has or is proper venue as to these Defendants. The averments of Paragraph 24 of Plaintiff's Amended Complaint are denied to the extent that they may be deemed to state or imply anything further.

## FACTUAL ALLEGATIONS

25. KCCF's refusal to allow medical diets through its medical provider violates and has violated the constitutional and federal right(s) of its inmates, including the plaintiff. KCCF's medical dietary policy forces its inmate population to go without medical dietary treatment in the interest of saving a few pennies per tray.

**ANSWER**: The averments of Paragraph 25 of Plaintiff's Amended Complaint are denied as being untrue.

26. The substantial burden that the KCCF dietary policy imposes on its inmate population is not necessary to achieve any compelling state interest. Medical diets have not constituted a "threat to the security and/or the well order of the institution" as evidenced by the Federal Bureau of Prisons, the Michigan Department of Corrections and most other correctional

9

facilities throughout the country which, in fact, offer medical and religious diets while still achieving governmental interests indistinguishable from those of KCCF's.

**ANSWER**:    The averments of Paragraph 26 of Plaintiff's Amended Complaint are denied as being untrue.

26.    KCCF further demonstrated that it can comply with the medical diets outlined in Aramark's Medical Meals Manual as it had been doing so up until the Defendants decided to discontinue religious diets and later discontinue all medical diets or severely limit their use.

**ANSWER**:    The averments of Paragraph 27 of Plaintiff's Amended Complaint are denied as being untrue.

28.    KCCF does not provide appropriate medical diets and its medical department implement the use of liquid supplements to replace the meals. This does not replace the "meal clause" for prisoners detailed under federal law and meet that requirement.

**ANSWER**:    The averments of Paragraph 28 of Plaintiff's Amended Complaint are denied as being untrue.

29.    KCCF offers no acceptable alternatives for inmates needing medical diets to sustain their dietary integrity during their medical needs while incarcerated. This does not fulfill the legal obligation of KCCF to provide meals.

**ANSWER**:    The averments of Paragraph 29 of Plaintiff's Amended Complaint are denied as being untrue.

**CLAIM FOR RELIEF:**
**DEFENDANT'S IMPLEMENTATION OF RESTRICTIONS ON ITS**
**MEDICAL SERVICES TO PROVIDE MEDICALLY APPROPRIATE**
**DIETS VIOLATES THE LAW**

The plaintiff incorporates by reference the allegations set forth in paragraphs 1-29 and is fully set forth herein.

**ANSWER**:    The Defendants incorporate by reference the answers to Paragraphs 1-29 as if fully restated herein.

30.     Defendants have implemented a policy or otherwise hindered its medical department from providing medical diets to inmates in their custody who require the meals in accordance with their medical needs.

**ANSWER**:     The averments of Paragraph 30 of Plaintiff's Amended Complaint are denied as being untrue.

31.     Defendants denial of medical or other appropriate meals constitutes a substantial burden on the medical treatment of prisoners in their custody, and that the denial of these meals is not the least restrictive means to further, secure or insure any compelling governmental interests.

**ANSWER**:     The averments of Paragraph 31 of Plaintiff's Amended Complaint are denied as being untrue.

32.     Therefore, KCCF's refusal to provide medically appropriate meals violates the constitutional right(s) and/or federal right(s) of prisoners and violated the rights of the plaintiff during his incarceration.

**ANSWER**:     The averments of Paragraph 32 of Plaintiff's Amended Complaint constitute legal conclusions to which no answer is necessary and none is given.  To the extent that an answer is deemed required, the averments of Paragraph 32 of Plaintiff's Amended Complaint are denied as being untrue.

33.     This complaint meets the burden of proof and fulfills the requirements outlined in 42 U.S.C. ~ 1983:

a.     This action fulfills the requirement of being against a "person" in that the Defendants acted in an "individual capacity" by implementing restrictions on its medical provider, which is something they are not entitled to in their "official capacity" which is judicial and custodial, not medical.

b.     The Defendants acted "under the color of law".

c.     The Defendants violated a federal constitutional right(s) and/or a right(s) under federal law.

11

      d.      I, the plaintiff, was the recipient of the Defendant's actions and suffered because of it in both a physical and psychological manner.

**ANSWER**:    The averments of Paragraph 33 of Plaintiff's Amended Complaint and its subparts (a), (b), (c), and (d), constitute legal conclusions to which no answer is necessary and none is given.  To the extent that an answer is deemed required, the averments of Paragraph 33 of Plaintiff's Amended Complaint and all subparts thereto are denied as being untrue.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants ask this Court for a finding of no cause of action and, furthermore, for an award of costs and fees as are allowed under the statutes and court rules.

Furthermore, to the extent that specific answer to any element or subparagraph of Plaintiff's prayer for relief as set forth in his Amended Complaint would require specific answer, all portions of his prayer for relief are denied as untrue.

Respectfully submitted,

VARNUM LLP
Attorneys for Defendants Kent County Correctional
Facility Administration, Undersheriff Jon Hess, and
Captain Randy Demory

Dated:  July 18, 2013

By:___*/s/ Paul J. Greenwald*_____
      Peter A. Smit (P27886)
      Paul J. Greenwald (P25368)
Business Address and Telephone:
      Bridgewater Place, P.O. Box 352
      Grand Rapids, Michigan 49501-0352
      (616) 336-6000

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendants, Kent County Correctional Facility Administration, Undersheriff Jon Hess and Captain Randy Demory, by and through their attorneys, VARNUM LLP, and as their affirmative matters and defenses states as follows:

1.     Plaintiff has failed to state a cause of action upon which relief can be granted.

2.     Plaintiff's Amended Complaint is barred in whole or in part by the statute of limitations.

3.     Kent County is a government entity.  Accordingly, Kent County is immune from liability.

4.     Plaintiff has failed to exhaust his administrative remedies.

5.     The sole proximate cause of Plaintiff's alleged damages was the conduct of third parties not named in this lawsuit and, accordingly, Defendants share no liability.

6.     None of the acts of the Defendants, or alleged failure to act, about which the Plaintiff complains from malicious, willful, wanton, or in reckless disregard of Plaintiff's rights.

7.     Plaintiff's Amended Complaint must be dismissed as the complained of acts were not the proximate cause of the alleged injuries and damages claimed by Plaintiff.

8.     Plaintiff's Amended Complaint fails to set forth facts sufficient to establish a violation of any of the Plaintiff's constitutional rights.

9.     Defendants Jon Hess and Randy Demory are each entitled to qualified immunity.

10.     Plaintiff's Amended Complaint fails to set forth the facts sufficient to establish a violation of any of the Plaintiff's constitutional right as none of the named Defendants acted with the requisite, deliberate indifference.

11.     The Federal right, if any, supporting Plaintiff's claim is not sufficiently clear. Thus, the Defendants did not know they would violate Plaintiff's rights with their actions.

12.     Plaintiff suffered no damage, or his damages are deminimis.

13.     Each of the Defendants acted in good faith.

14.     The Defendants are entitled to joinder of all claims in this matter (1:12-cv-910) with those set forth in the case mentioned in Paragraph 2 of  Plaintiff's Amended Complaint (1:12-cv-763) under Code and the Court Rules

15.     The Defendants reserve the right to amend this answer and add additional affirmative matters and defenses that may become apparent through the course of discovery.

WHEREFORE, the Defendants ask this Court for a finding of no cause of action and an award of costs and fees as are proper under the statutes and court rules.

                                        Respectfully submitted,

                                        VARNUM LLP
                                        Attorneys for Defendants Kent County Correctional
                                        Facility Administration, Undersheriff Jon Hess, and
                                        Captain Randy Demory

Dated:  July 18, 2013                   By:     /s/ Paul J. Greenwald
                                                Peter A. Smit (P27886)
                                                Paul J. Greenwald (P25368)
                                        Business Address and Telephone:
                                                Bridgewater Place, P.O. Box 352
                                                Grand Rapids, Michigan 49501-0352
                                                (616) 336-6000

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 18, 2013, the foregoing document was served on Bradley Keith Sleighter, by placing a true and correct copy in the United States mail, postage prepaid, to his address of record at 82 - 50th S.W., Apt. 323, Wyoming, MI 49548.

By:    */s/ Paul J. Greenwald*
       Peter A. Smit (P27886)
Business Address & Telephone:
       Bridgewater Place, P.O. Box 352
       Grand Rapids, MI  49501-0352
       (616) 336-6000

6316002